## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } |
| Plaintiff, | } **CIVIL ACTION NO.** } } |
| v. (1) EDUCOMINC, LLC. d/b/a PIZZA PUB, (2) CORE CURRICULUM OF AMERICA, INC., (3) CURRICULUM  SOLUTIONS, INC., and (4) ACTIVE LEARNING ACADEMY, INC., | } } } } **JURY TRIAL DEMAND** } } } } |
| Defendants. | } } } |

### COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of  the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Courtney Canfield.  The Equal Employment Opportunity Commission alleges that the Defendants, Educominc, LLC, d/b/a Pizza Pub; Core Curriculum of America, Inc.; Curriculum Solutions, Inc.; and Active Learning Academy, Inc. violated  Title VII when they subjected Courtney Canfield to discrimination because of her sex, female, by subjecting her to sexual harassment, requiring her to work in a sexually hostile work environment, and by constructively discharging her.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f) (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-5 (f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendants, Educominc, LLC, d/b/a Pizza Pub; Core Curriculum of America, Inc.; and Active Learning Academy, Inc. have continuously been and are now doing business in the City of Buffalo, Harper County and the State of  Oklahoma as a joint employer and/or integrated enterprise and have continuously employed at least fifteen employees.

5.      At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of  this lawsuit, Courtney Canfield filed a charge of discrimination with the Commission alleging a violation of Title VII by the Defendants.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least early 2008, Defendants have engaged in conduct in violation of Section 703(a)(1) and 704 of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 2000e-3 by discriminating against Courtney Canfield because of her sex, female, by subjecting her to sexual harassment

and a sexually hostile work environment, and constructively discharging her by creating intolerable working conditions.  Specifically, Canfield worked in the capacity of waitress at the Pizza Pub restaurant owned and operated by Defendants.  Defendants are part of an integrated enterprise or a joint employer of Charging Party.  Defendants all share common ownership by David Thompson.   While working for Defendants, Courtney Canfield was subjected to lewd, vulgar sexual comments and inappropriate and unwanted touching by David Thompson. In addition to sexually suggestive comments, Thompson continuously touched Canfield's body and offered to kiss her crotch.  After each incident, Canfield told Mr. Thompson that his behavior was unwanted and inappropriate, however he continued to harass Canfield, creating intolerable working conditions which resulted in Canfield's constructive discharge in June, 2008.

8.      The effect of the practices complained of in paragraph 7 above has been to deprive Courtney Canfield of equal employment opportunities because of her sex.

9.      The unlawful employment practices complained of in paragraph 7 were intentional.

10.      The unlawful employment practices complained of  in paragraph 7 above were committed with malice or with reckless indifference to the federally protected rights of Courtney Canfield.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against any individual who has opposed unlawful employment practices.

3

B.      Order the Defendants to institute and carry out policies, practices and programs that provide equal employment opportunities for Courtney Canfield and other female employees and which eradicate the effects of the Defendants' past and present unlawful practices.

C.      Order the Defendants to make whole Courtney Canfield by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial and other affirmative relief necessary to eradicate the effects of the Defendants' unlawful employment practices, including but not limited to rightful place reinstatement of Courtney Canfield, or front pay in lieu of reinstatement.

D.      Order the Defendants to make whole Courtney Canfield by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment and inconvenience, in amounts to be determined at trial.

E.      Order the Defendants to pay Courtney Canfield  punitive damages for its malicious conduct or reckless indifference described in paragraphs 7 and 10 above, in an amount to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

**FOR PLAINTIFF U.S. E.E.O.C.:**

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

BARBARA A. SEELY
Regional Attorney
St. Louis District Office

s/Michelle M. Robertson
MICHELLE M. ROBERTSON, OBA #14084
Senior Trial Attorney

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Area Office for the State of Oklahoma
215 Dean A. McGee Avenue, Suite 524
Oklahoma City, Oklahoma 73102
Tel No.  405-231-4363
Fax No. 405-231-5816
michelle.robertson@eeoc.gov